Nicholson, C. J.,
delivered the opinion of the Court.
This is an action of replevin, for a mule, tried in the Circuit Court of Cocke County. Plaintiff failed in his suit, and appeals, in error, to this Court.
The question for our determination arises upon the charge of the Circuit Judge, which was as follows:
“Where the Government of the United States, in the prosecution of the late war, came into the possession of horses, whether by capture from the public enemy, by purchase, or by impressment from citizens, and placed thereon the brand U. S., and sold the same at public sale, the purchaser acquired a title which the courts of the country, from considerations of public policy, quieting titles and preventing litigation, will perfect and sustain, and >vill not go behind the acts of the Government to ascertain or adjust the right of claimants to said property, as between themselves.”
*245 This charge is erroneous in several' respects. ' It assumes that in all cases in which the government obtained possession of horses, either by capture, by purchase, or by impressment, the title will be good, if the horses were branded U. S., and if the same were sold at public auction. The proposition is stated too broadly. If the government acquired possession by capture, or by purchase, or by impressment, from one who was guilty of a felony in taking the property from the true owner, or from one to whom the felonious taker had transferred the property, the government would acquire no title: Story on Sales, § 188; 5 Sneed, 712; 4 Cold., 10* Neither the placing of the brand “U. S.,” nor the *246 public sale of horses so acquired, would communicate any title. The brand, when shown to have been made by officers of the army, has no other effect than to furnish prima. facie evidence that the government has had possession of the property as a claimant, but of itself it communicates no title: Plummer v. Newdegate, 2 Duval, 3; Richardson v. Tipton, 2 Bush., 202. The purchaser at public auction, gets only the title of the government, and if the government had no title, the purchaser gets none. The title of the government to property is liable to be contested in the same manner as that of individuals, and the courts have no power to perfect or sustain void titles, simply because the government may have had possession of property and placed upon it its brand. The charge of the Circuit Judge denied to the jury the *247 right to inquire into the manner by which the government acquired possession or title.
Eor these several errors, the judgment will be reversed, and the cause remanded for another trial.

 See Chesney v. Rogers, ante 239.
This question was further considered in the following case, decided at Nashville, December, 1870:
W. S. McAdams v. James S. McChristian.
W. H. Wiseneb, for plaintiff in error.
Nicholson, C. J., delivered the opinion of the Court.
This is an action of trover for the conversion, by defendant, of a mare the property of the plaintiff, tried in the Bedford Circuit Court at the December Term, 1866, before John P. Steele, J. There was a judgment for the defendant, and the cause is here by writ of error.
The facts are, that in June or July, 1864, in the night time, some four or five men came to the house of plaintiff, and, by force and against the will of plaintiff, took the mare away; that soon afterwards, a squad of Federal soldiers, under the command of a Captain, being out on duty, met three or four men dressed in gray, armed with pistols and carbines; that they had a running fight, in which one of thd men in gray was killed and his mare captured; the mare so captured was the same forcibly taken from the plaintiff a few nights before; that the Captain, with the consent of the officer in command at Tullahoma, exchanged his own horse for the mare; and that he afterwards sold the mare, and she came into the possession of defendant. It was proved that the man who was riding the mare in the running fight and who was killed, did not belong to the Confederate army at the time.
Upon these facts, the Circuit Judge charged the jury, that “if they should believe, from the proof, that the mare in controversy was captured by the *246 forces of the United States from the public enemy, in a contest of arms, then she would belong to the captor or the government whose soldiers they were; and in that event they should find for the defendant; that if the party from whom the mare was captured were a force or company of men, armed as soldiers, dressed in the uniform of rebel soldiers, and fought the Federal soldiers dressed in the Federal uniform, that would constitute them the public enemies of the United States.”
Both of the propositions contained in this charge are erroneous. It was held by this Court at Knoxville, in the case of Dawson v. Susong, that “if the government acquired possession by capture, or by purchase, or by im-pressment, from one who was guilty of a felony in taking the property from the true owner, or from one to whom the felonious taker had transferred the property, the government would acquire no title.” This is conclusive as to the first proposition laid down by the Circuit Judge. The next proposition as to the circumstances which would constitute the squad of men from whom the mare was captured, public enemies, is equally erroneous. It by no means follows that., because the men were dressed in gray, and fought the Federal soldiers dressed in blue, they were such public enemies as were entitled to the benefit of the rights of war.
For these errors, the judgment will be reversed, and the cause remanded for a new trial.